NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1204
_____

KATE BELL; KATHY BACON; JENNIFER BRYSON; HERBERT CARTER; RYAN
CONROY; SUSANNE CZARNECKI; JAMIE DANIELS; JOSHUA DOWLUT-
BEARD; SABRINA DOWLUT-BEARD; JAMES FARRIER-HOBSON; RICHARDS
FIELDS; RICHARD FOX; DION FREEBORN; LESLIE GAINES; STEVEN
GARDNER; KAYLA GAYLE;
KIMBERLY GLEASON; DANIEL GREGGS; COURTNEY GROSSMAN; KURT
KIBLER; TANYA KOSTYSZYN; ROBIN LESSON; TIMONTHY MCAULIFFFE;
CHRISTOPHER MOSSMAN; CHRISTINE NEWTON; MICHAEL
NISSEL;ALEXANDRE ROSA NUNES DE SOUZA; JEREMY OESTREICH; DANIEL
OWENS; ALEXANDER PARTYKA;
CHRISTOPHER SCOTT PATTON; IAN PRATT; NEIL PRESCOTT; DANIEL
RABBIT; KRYSTEN REEDINGER; ELENA RIZAL; KELLY ROSS; RICH RUELAN;
JAMES RUNYON; VICTORIA SCHENCK; DEVON SHEPPARD;NATALIE
SMEELIE; DENNIS SWARTZ, JR.; RYAN TUCKER; MICHAEL VANCE;
MICHAEL VANSTON;ALLISON WEINER; TRACY MARIE WELCH; JOSEPH
WILLIAMS; CARRIE WILLIAMSON; JENNIFER REYNOLDS,

Appellants

v.

THE CITY OF HARRISBURG; CHARLES KELLAR;
TINA MANOOGIAN-KING; PIERRE RITTER

_____

Appeal from the United States District Court for
the Middle District of Pennsylvania
District Judge: The Honorable William W. Caldwell
No. 1:08-cv-01563

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 15, 2011

Before:  McKEE, *Chief Circuit Judge*, RENDELL and AMBRO, *Circuit Judges*

(Filed: January 6, 2012)

Elmer Robert Keach, III, Esquire
Law Offices of Elmer Robert Keach, III, PC
1040 Riverfront Center
P. O. Box 70
Amsterdam, New York 12010

Alan Michael Ross, Esquire
Law Offices of Alan Michael Ross, LLC
2001 North Front Street
Suite 220
Harrisburg, Pennsylvania 17102
        *Attorneys for Appellants*

David J. MacMain, Esquire
David A. Gomez, Esquire
Lamb McErlane PC
24 East Market Street
Box 565
West Chester, Pennsylvania 19381
        *Attorneys for Appellees*

_____

OPINION
_____

McKEE, *Chief Judge*

Appellants appeal the district court's grant of summary judgment in the action

they filed pursuant to 42 U.S.C. § 1983 against the City of Harrisburg[1] and certain city

officials.  For the reasons that follow, we will affirm.

---

[1] On October 11, 2011, the City of Harrisburg filed for Chapter 9 bankruptcy protection in the Middle District of Pennsylvania, Case No. 11-06938.  The case was dismissed on November 23, 2011.   The City of Harrisburg appealed the dismissal. On December 13, 2011, the City of Harrisburg's notice of appeal was stricken by the bankruptcy court due to the City of Harrisburg's failure to file a timely appeal.  On December 22, 2011, the City of Harrisburg filed its notice of appeal of the December 13, 2011 order.

We write primarily for the parties and therefore will only set forth those facts that are helpful to our discussion of the issues.[2]

On September 2, 2007, Appellants were arrested for violating Harrisburg Park Ordinance 10-301.20(a) ( the "Ordinance") while attending an event on McCormick Island in the Susquehanna River. Each of these appellants was held until arraignment because of their out-of-state residence. Thereafter, they sued, alleging, among other things, false arrest, violation of their First Amendment rights, violation of the Fourth Amendment and their right to travel, as well as a claim for municipal liability. The District Court adopted the Magistrate Judge's Report and Recommendation, granted the defendants' motion for summary judgment, and dismissed the suit. This appeal followed.

## I. False Arrest Claims.

To prevail on a false arrest claim under the Fourth Amendment, a plaintiff must show that the police made an arrest without probable cause. *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994). The test for an arrest without probable cause is an objective one, based on "the facts available to the officer at the moment of arrest." *Id*. Probable cause need only exist as to any offense that could be charged under the circumstances. *Id.* The probable cause inquiry looks to the totality of the circumstances. *Wright v. City of Philadelphia*, 409 F.3d 595, 603 (3d Cir. 2005).

---

[2] The magistrate court had permission to hear the case pursuant to 28 U.S.C. § 636(b)(1)(B). The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision denying a motion for judgment as a matter of law *de novo*. *Eddy v. V.I. Water & Power Auth*., 369 F.3d 227, 230 (3d Cir. 2004). We "apply the same standard that the District Court did, namely whether, viewing the evidence in the light most favorable to the non-movant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Id*.

With certain exceptions not relevant here, the Ordinance prohibits participating in an assembly of 20 or more persons "in any park" without first obtaining a permit. Appellants' attempt to claim that the arresting officers did not have probable cause to believe that they were violating the Ordinance is patently frivolous. Police clearly had reason to believe that more than 20 persons had assembled on the island. It is undisputed that several hundred individuals were involved in the "party." In fact, there are clearly more than 20 plaintiffs involved in this suit. Although Appellants attempt to argue that the island's status as a "park" is a disputed issue of fact, it is undisputed that the island contains a bird sanctuary. Accordingly, whether or not the island is a "park" within the meaning of the Ordinance, it was certainly reasonable for the arresting officers to assume that it was. Finally, there is absolutely nothing on the record that would have led the officers to believe that the participants had obtained the required permit to participate in the assembly on the island.

A warrantless arrest is permissible "if there is probable cause to believe that the suspect has committed or is committing an offense." *Mich. v. DeFilippo*, 443 U.S. 31, 36 (1979). Thus, the technical arguments Appellants make to challenge the ordinance do not undermine the validity of these arrests because "[any] subsequently determined invalidity of the . . . ordinance . . . [would] not undermine the validity of the arrest made for violation of that ordinance." *Id*. at 40.

Moreover, since it is uncontested that each of these appellants lived out-of-state, it is clear that police acted reasonably (and prudently) in briefly detaining them until they could be arraigned. Thus, Appellants' attempt to argue that the defendants' conduct

4

violated the right to travel is also meritless. *See Jones v. Helms*, 452 U.S. 412, 419 (1981) (stating that "probable cause may justify an arrest and subsequent temporary detention.")

## II. Right of Assembly.

We also agree with the District Court's conclusion that the Appellants did not adequately raise a violation of their First Amendment right to assemble by merely referencing the issue in briefing and not substantively raising it prior to objecting to the Magistrate's Report and Recommendation. *See Laborers' Intern. Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (stating that "an issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue … will not suffice to bring that issue before the court.'")(internal citations omitted)  We will, therefore, not consider Appellants' First Amendment argument on appeal.

## III.  Void for Vagueness.

Appellants' attempt to argue that the Ordinance is somehow unconstitutionally vague is also meritless.   A statute or ordinance is unconstitutional "if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits[,]" *Hill v. Colo.*, 530 U.S. 703, 732 (2000),  or "if it authorizes or even encourages arbitrary and discriminatory enforcement." *Id.*  This ordinance clearly gives notice that people who wish to assemble in a "park" must obtain a permit if they believe that the resulting assembly will consist of more than 20 people.  It is hard to imagine how the Ordinance could be any clearer.

5

Accordingly, for the reasons state above, we will affirm the District Court's grant of summary judgment.[3]

---

[3] We need not address Appellants' municipal liability claim or the issue of qualified immunity because there was no constitutional violation.